T.C. Memo. 2009-211

UNITED STATES TAX COURT

HENRY LEE SCOTT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 6217-07, 22512-07.    Filed September 15, 2009.

Amanda Glover Evans, for petitioner (at trial).

Beth A. Nunnink, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined deficiencies in petitioner's Federal income tax of $4,050 for 2004 and $4,290 for 2006.  The cases were consolidated for trial, briefing and opinion.  After concessions, the issue for decision is whether petitioner's nephew and niece were his qualifying children for purposes of the earned income tax credit (EITC) provided by

section 32. Except as otherwise stated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Tennessee at the time that he filed his petitions.

During 2004, 2005, and 2006, petitioner's sister, Tameka Henderson (Henderson), and her five children under the age of 19 resided in rented dwellings pursuant to written leases governed by the regulations of the Tennessee Housing Development Agency, Low Income Housing Tax Credit Division. The leases each required that the premises be occupied only by the identified members of the household, which were Henderson and her five children. The leases covered property on Patton Street in Memphis from August 11, 2004, to July 31, 2005, and August 1, 2005, to July 31, 2006, and on Walker Avenue in Memphis from September 1, 2006, to August 31, 2007.

Petitioner began living with Henderson when he was a teenager, after their mother died. In 2004, petitioner was approximately 31 years old. He lived with his sister and her children during at least part of 2004 and 2006, even though his

name was never listed on the leases or in any written consent executed by the manager of the property. The father of the children died in January 2004. Petitioner contributed toward support of the children and otherwise was available as an emergency contact on records of the children's schools.

On his Federal income tax returns for 2004 and 2006, petitioner listed one nephew and one niece as dependents and as qualifying children for purposes of the EITC. His return for 2004 used the Patton Street address as his address. His return for 2006, as well as a Form W-2, Wage and Tax Statement, attached to that return, used an address on South Fourth in Memphis as his address.

The petitions filed in these cases on March 14 and July 23, 2007, used Walker Street as petitioner's address. As of October 2007, petitioner no longer used the Walker Street address, and mail addressed to petitioner at that address was returned undelivered to the Court. As of January 2008, petitioner used an address on Porter Street in Memphis, which he occupied with his then girlfriend. Neither petitioner's sister nor any of her children lived at the Porter Street address. (Although this fact is subsequent to the years in issue, it is relevant to the credibility issues discussed below.)

## OPINION

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. The credit is increased if the taxpayer has any qualifying children. Sec. 32(b). Respondent has conceded most of the conditions of petitioner's eligibility for the EITC. Those conditions remaining in dispute are discussed below.

As applicable for 2004, the pertinent parts of section 32(c)(3) provided that a qualifying child, among other things, must bear a relationship to the taxpayer as defined in subparagraph (B) of section 32(c)(3) and must have the same principal place of abode as the taxpayer for more than one-half of the taxable year. As relevant in this case, a descendant of a brother or sister who the taxpayer cared for as the taxpayer's own child satisfied the relationship test. Sec. 32(c)(3)(B)(i)(II).

As applicable for 2006, to be eligible to claim an earned income credit with respect to a child, the taxpayer must establish that the child meets the definition of "qualifying child" under section 152(c). Sec. 32(c)(3)(A). Section 152(c)(1)(B) sets forth the requirement that a qualifying child have "the same principal place of abode as the taxpayer for more than one-half" of the taxable year.

Petitioner and Henderson testified at trial. Petitioner testified that he stayed with his sister and her children at her Patton Street address during all of 2004 and at her Walker Street address during all of 2006. Petitioner's sister testified that petitioner had lived with her and her children "all his life" from the time he was 17. She denied that there was ever a time that her brother did not live with her. Petitioner and Henderson both claimed that the leases were supposed to be corrected to reflect his occupancy of the premises leased by her.

Henderson testified that the children's father died in January 2004 and that petitioner helped whenever the children needed something, because he was working and she was not. She testified that she started working at the end of 2004.

When asked about the Porter Street address used by petitioner, Henderson acknowledged that she never lived there. She identified that address as the place where petitioner's girlfriend lived. When asked about the South Fourth address used by petitioner, Henderson claimed that she also lived there in 2004 or 2005.

Though given an opportunity to do so after trial, petitioner was unable to provide any evidence that his name was shown on corrected leases. The evidence in the record contradicts the claims of petitioner and Henderson that he was

listed or supposed to be listed as a member of the household described in the leases.

Respondent relies on the inconsistencies in the testimony of petitioner and Henderson and on the terms of the leases to argue that petitioner has not proven that he and his nephew and niece had the same principal place of abode for more than one-half of 2004 and 2006. For 2004, respondent also argues that petitioner has not shown that he cared for his niece and nephew as his own, as required by former section 32(c)(3).

It has been said that "the distillation of truth from falsehood * * * is the daily grist of judicial life". Diaz v. Commissioner, 58 T.C. 560, 564 (1972). We are troubled by the inconsistencies between the objective evidence in the record and the testimony of the witnesses. Nonetheless, it is not improbable that petitioner lived with Henderson and her children contrary to the terms of the leases. It is likely that after the death of the children's father in January 2004, petitioner assumed a paternal role toward his nephews and his niece as well as making payments toward their support. For 2004, therefore, we conclude that petitioner and the children had the same place of abode for most of the year, that he cared for them as his own, and that they are qualifying children for purposes of the EITC.

For 2006, however, there is other evidence suggesting that petitioner maintained an address separate from Henderson's.

Because neither petitioner nor Henderson adequately explained when he or they lived at the South Fourth address, we cannot conclude that petitioner and the children shared the same abode for more than half of that year.  Petitioner's nephew and niece are not qualifying children for 2006.

Respondent has acknowledged that petitioner is eligible for the EITC even without a qualifying child for 2006 and that a computation under Rule 155 is necessary in any event.  To reflect the foregoing,

Decisions will be entered
under Rule 155.